IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 1:19-cr-00378-ELR-CMS |
| | * | |
| JAMES THOMPSON, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**O R D E R**

_____

This matter is before the Court for consideration of Magistrate Judge Catherine M. Salinas' Report and Recommendation ("R&R") [Doc. 63] that Defendant's Motion to Suppress Illegally Obtained Evidence [Doc. 45] be denied. In the time-period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 65]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

**I. Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II. Discussion**

The Magistrate Judge found that Defendant's motion to suppress evidence stored on electronic devices seized at Defendant's Texas home should be denied for two reasons: (1) there was ample basis for the judge who issued the warrant to

2

conclude that electronic devices would be found at the premises searched and that those devices would contain evidence of the crimes listed in the warrant; and (2) even if probable cause was lacking with respect to the electronic devices, the Leon[1] good faith exception to the exclusionary rule applies because there is no basis to believe the executing officers acted unreasonably in relying on the warrant. [See Doc. 63 at 11, 13, 14.]

Defendant objects to the Magistrate Judge's findings, arguing that: (1) the affidavit upon which the government's search warrant was based failed to establish probable cause that he or his wife owned any electronic devices, that any electronic devices would be found in their home at the time of the search, or that if such a device was located, it would likely contain evidence of a crime; and (2) the Leon good faith exception to the exclusionary rule does not apply.

Defendant compares the supporting affidavit in the present case to the one in United States v. Griffith, 867 F.3d 1265 (D.C. Cir. 2017), a case rejecting the notion that because most people carry a cell phone, whenever officers have reason to suspect a person of involvement in a crime, they have probable cause to search his home for cell phones because he might own one and it might contain relevant evidence. Id. at 1268.  However, Griffith is distinguishable in that the supporting affidavit offered almost no reason to suspect that Griffith, charged with unlawful possession of a

---

[1] United States v. Leon, 468 U.S. 897, 922 (1984).

firearm by a convicted felon, owned a cell phone (other than the mere fact that most people do) or that any other device containing incriminating information would be found in his apartment. Id.  Contrarily, in the present case, F.B.I. Special Agent Joseph D. Stites, states in the supporting affidavit that based on his inspection of evidence related to the investigation, he was aware that company equipment was used to generate, store, and print documents used by Defendant's trucking companies, which were alleged to launder money, and (according to a friend and employee of Defendant who testified before the grand jury) located at Defendant's home, the location being searched. [Stites Aff. ¶¶ 18-22].

Defendant also cites United States v. Manafort, 314 F. Supp. 3d 258, 267 (D.D.C. 2018) to argue that the agent could have included more specific detail.  As the Magistrate Judge correctly concluded, however, "[t]he fact that the affidavit did not contain a specific fact tied to the agents' (eminently reasonable) belief that Thompson and his wife possessed electronic devices that would be located on the premises does not defeat probably cause." [Doc. 63 at 12].   The Magistrate Judge also correctly concluded that the issuing judge was entitled to use common sense to determine that evidence of a large scale fraud scheme conducted over several years, and alleged to involve more than $4 million and more than four hundred fraudulent invoices would be found on the premises in electronic form.

Finally, the Magistrate Judge correctly analyzes <u>Leon</u> in determining that no circumstances exist to keep the good faith exception to the exclusionary rule from applying even if the affidavit were found to be lacking.  Thus, there is no basis for suppression of any of the evidence obtained as a result of the search warrant.

**III. Conclusion**

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly, the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R [Doc. 63] as the Opinion and Order of this Court and **DENIES** Defendant's Motion to Suppress Illegally Obtained Evidence [Doc. 45].[2]

**SO ORDERED**, this 18th day of November, 2021.

*Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[2] Defendant is scheduled for a pretrial conference on March 23, 2022 at 9:00 a.m., and a jury trial to begin on April 18, 2022 at 9:00 a.m. [<u>See</u> Doc. 77].